Case: 1:21-cv-04865 Document #: 57 Filed: 11/17/21 Page 1 of 10 PageID #:5655

FILED
11/17/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
JMK

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RIMOWA GMBH,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No.: 1:21-cv-04865

## MOTION TO DISMISS

Defendant AnShuo Phone Accessories Store and Shop5593370 Store, unincorporated sole proprietorship and the sole proprietor, Xiao Zhiqun, hereby moves this Honorable Court to dismiss the case and provides the followings:

### 1. THE COURT HAS NO PERSONAL JURISDICTION OVER THIS CASE.

Plaintiff, at ¶ 2 of the Comp., claimed that "each of the Defendants directly targets business activities toward consumers in the United States, including Illinois. . . on information and belief, has sold products using infringing and counterfeit versions of Rimowa's trademarks to residents of Illinois". However, Defendant has never transacted businesses with any residents from the forum State, nor availed itself of the benefits and protections of the forum State.

In order to exercise personal jurisdiction over Defendant, Plaintiff shall prove that Defendant has minimum contact in this case with Illinois. To find minimum contacts, Plaintiff must determine Defendant has a "substantial connection" with Illinois, or, put another way, determine Defendant's contacts connect it to Illinois in a "meaningful way." *See Walden v. Fiore*, __ U.S. __, 134 S. Ct. 1115,

1121, 1125 (2014). While Courts in this Circuit have varied the structure of their minimum contacts analysis, Supreme Court and Seventh Circuit case law instruct that, at its core, this analysis turns on the (1) relevance of Defendant's contacts with the forum state and (2) how meaningful those contacts are. *See, e.g., Walden*, 134 S. Ct. at 1122-23; *Advanced Tactical*, 751 F.3d at 801-03; *Northern Grain*, 743 F.3d at 489, 494-96; *Hemi Group*, 622 F.3d at 757-59; *u*BID, 623 F.3d at 426-32. In this case, Plaintiff has failed to address these matters.

In fact, since around 2016, many Chinese online e-commerce operators have received TRO from U.S. courts and almost of them are issued by Illinois courts. Defendant, as well as others in this industry, have been made well known of such situation and decided not to do business with any Illinois residents out of fear. Defendants do not fear because they sell counterfeit products, but fear for the invulnerability while being sued in a far and unfamiliar court and the price defendants must pay to have justice. Plaintiffs filing for trademark infringement cases, including this Plaintiff, firmly believe cases like this one are most-likely undefended. As a result, anyone who operates internet stores that Illinois residents may access should be ready for a lawsuit or to settle, despite of right or wrong. To Defendant's knowledge, many other defendants in this case have not made sales to the forum State. As the burden of proof regarding personal jurisdiction lays on Plaintiff, this Court shall order Plaintiff to provide proof of "minimum contact" for each Defendant in this case, preventing Plaintiff from accumulating wealth by unfair means.

### 2. THE CASE STANDS ON INSUFFICIENT SERVICE OF PROCESS.

#### i. Serving Defendant by Electronic means is prohibited by Hague Service Convention.

Both the United States and China are signatories to the "Hague Convention. The Hague Convention has the force of federal law, and limits available methods of service under FED. R. CIV.

P. 4(f)(3). *See Water Splash Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017) ("The Hague Service Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies.")(quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) (noting that "compliance with the Convention is mandatory in all cases to which it applies.")); see also *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *Ackermann v. Levine*, 788 F.2d 830, 838 (2nd Cir. 1986). The Hague Convention applies where, as here, both the origination and destination states of the documents at issue are contracting states to the Convention.

The Hague Convention permits service only by the following means: via a central authority (Articles 2-7), diplomatic and consular agents (Articles 8-9), mail or through a judicial official of the State of destination if the destination State does not object (Article 10), methods allowed by other applicable international agreement (Article 11), and other means as allowed by the internal laws of the destination State (Article 19). *See Water Splash Inc.*, 137 S. Ct. at 1508 (reviewing permitted service methods). "The legal sufficiency of a formal delivery of documents must be measured against some standard. The Convention does not prescribe a standard, so we almost necessarily must refer to the internal law of the forum state." *Schlunk*, 486 U.S. at 700. China formally objects to all methods of service identified under Article 10, including service by mail[1].The Hague Convention also prohibits service by website publication and service by e-mail here[2]. These service methods are not permitted under Article 19, because China's internal laws prohibit serving

---

[1] *See* Official Website of the Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn (reprinting China's formal opposition to "the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention"); see also *Mapping Your Future, Inc. v. Mapping Your Future Services, Ltd.*, 226 F.R.D. 305, 308 (D.S.D. 2009) ("[T]he court finds that sending a copy of a summons and complaint by [electronic] mail to a defendant in a foreign country is not a method of service of process permitted by the Hague Convention."). China's formal objection has been held valid. See *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280 (3d Cir. 1981), cert. den., 454 U.S. 1085.

[2] Article 11 of the Hague Convention is inapplicable here because the U.S. and China have entered into no other treaty concerning the service of process. Plaintiff's method of service also clearly does not fall under the scope of Articles 2-9 (*i.e.*, service by a central authority or by consular agents).

process by e-mail without a defendant's consent, and prohibit service by website publication unless a plaintiff has exhausted other means of service. See Art. 87 & Art. 92, Civil Procedural Law of the People's Republic of China (2017 Am.) ("P.R.C. Civil Procedure Law")[3].

Further, under Article 277 of the P.R.C. Civil Procedure Law, "no foreign [non-P.R.C.] agency or individual may serve documents . . . within the territory of the People's Republic of China without the consent of the in-charge authorities of the People's Republic of China." Id. At Art. 277 (emphasis added); *Rockefeller Tech. Investments (Asia) VII v. Changzhou Sinotype Tech. Co., Ltd.*, 233 Cal. Rptr. 3d 814, 826 (Ct. App. 2018) (quoting the same Article under its prerevision numbering [Article 261] with approval and taking judicial notice of the Article). Here, the foreign (non-Chinese) Plaintiff's unilateral attempt at serving process in a foreign civil proceeding on the Defendants (most of whom are Chinese) in China by direct e-mail and website publication – all without the consent of appropriate local authorities in the P.R.C. – amounts to precisely the type of "self-help" by a foreign party that Article 277 of the P.R.C. Civil Procedure Law would categorically prohibit.

"[T]he validity of service of a document abroad through postal channels depends first on the law of the forum. This is clearly confirmed by the history of the Convention negotiations . . . ." *Caterpillar Inc. v. Brington Indus. Ltd.,* 112CV01185SLDJAG, 2013 WL 11239258, at *4 (C.D. Ill. Sept. 27, 2013).12 "[I]n permitting the utilization of postal channels provided the State of destination does not object, the draft convention did not intend to pass on the validity of this mode of transmission under the law of the forum state: in order for the postal channel to be utilized, it is necessary that it be authorized by the law of the forum state." Id. at * 4-5 (emphasis added) (quoting

---

[3] 中华人民共和国民事诉讼法(1991年4月9日第七届全国人民代表大会第四次会议通过根据2017年6月27日第十二届全国人民代表大会常务委员会第二十八次会议《关于修改〈中华人民共和国民事诉讼法〉和〈中华人民共和国行政诉讼法〉的决定》第三次修正)。Accessible in original form on the official website of the National People's Congress of the People's Republic of China, http://www.npc.gov.cn/npc/xinwen/2017-06/29/content_2024892.htm.

*1 Bruno A. Ristau, International Judicial Assistance* § 4-3-5 205 (rev. 2000)); *Brockmeyer v. May,* 383 F.3d at 804 (same). Because Plaintiff's method of service is prohibited by the Hague Convention, it is insufficient under FED. R. CIV. P. 4(f)(3) and 12(b)(5)[4].

### ii. Defendant's Address is Readily Known to Plaintiff.

Defendant operates the stores in www.aliexpress.com and the address of the store is verified by Aliexpress. Plaintiff can easily determine Defendant's address with little efforts. "Plaintiff cannot close its eyes to the obvious to avoid the Hague Service Convention; the Plaintiff must make reasonably diligent efforts to learn the Defendant's mailing address. *See, e.g., Advanced Access Content Sys. Licensing Admin., LLC v. Shen,* 2018 WL 4757939, at *4–5 (S.D.N.Y. Sept. 30, 2018); *Progressive Se. Ins. Co. v. J & P Transp.*, 2011 WL 2672565, at *3 (N.D. Ind. July 8, 2011). Plaintiff has failed to carry their burden to show that defendant's address was unknown. Consequently, the Hague Service Convention applies.

### 3. DEFENDANT'S PRESENTATION DOES NOT WARRANT TRADEMARK PROTECTION.

Defendant did not list the products with RIMOWA, nor indicate it as a RIMOWA product. Nowhere in the Defendant's product description appears the wording of RIMOWA. *See* Exhibit 1 Product Description.

Through settlement e-mail correspondences between Defendant's Chinese counsel (for

---

[4] Under the Hague Convention's framework, China officially requires that "all documents and evidence to be served [in the P.R.C.] must be written in Chinese or that a translation in Chinese be attached thereto, unless there are contrary prescriptions in the mutual treaties between China and other Contracting States of the Hague Convention." Hague Conference on Private International Law, China–CentralAuthority&PracticalInformation,
https://www.hcch.net/en/states/authorities/details3/?aid=243. None of the documents purportedly served by the Plaintiffs were written in Chinese, or contained any attached translation in Chinese. Thus, even assuming proper service (which has not occurred here), the process itself is defective and/or insufficient under FED. R. CIV. P. 12(b)(4).

settlement only) and Plaintiff's counsel, Plaintiff's counsel identified Defendant as selling infringing products and demonstrated Plaintiff's registered trademark as shown below. However, there is no visual similarity between the design mark and Defendant's product.



Plaintiff's trademark registration no. 4,548,851 on the Trademark Electronic Search System from United States Patent and Trademark Office is described as "The mark consists of a three-dimensional design feature of the goods consisting of parallel ridges and grooves that uniformly cover the surface of the goods". *See* Exhibit 2 TESS Search Result. To start off, Defendant's phone case product has a flat surface, which does not conform to Plaintiff's mark description of a three-dimensional design. In addition, another distinctive element of the trademark is the special curve design at the four corners towards the inside. Whereas, the four curves on Defendant's product however goes towards the outside in order to fit the shape of the phone.

## CONCLUSION

Based on the foregoing reasons, Defendant respectfully requests that this Court to dismiss this case as to Defendant.

Date: November 17, 2021                     Respectfully submitted,

/s/ Xiao Zhiqun
208, Unit 4, Building 9, Shiji Huating,
Heping East Road, Sanlian Community,
Longhua, Longhua Dist.,  Shenzhen,
Guangdong, China
906178018@qq.com







United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks** > **Trademark Electronic Search System (TESS)**

TESS was last updated on Tue Nov 16 03:17:24 EST 2021

Logout    Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

( Use the "Back" button of the Internet Browser to return to TESS)



| | |
|---|---|
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: Cases for photographic apparatus of metal or of plastics or of fabric material or a combination of the aforesaid materials; carrying cases for portable computers; Camera bags, Protective cases for cell phones, tablet computers and laptops. FIRST USE: 19500000. FIRST USE IN COMMERCE: 19850000 |
| | IC 018. US 001 002 003 022 041. G & S: Travel luggage; Luggage, namely, trunks and Suitcases; Trunks; Cosmetic cases sold empty; Attaché cases; Suitcases; General purpose sport trolley bags; Pilot bags, namely, travel bags, all the aforesaid goods being entirely or partly of metal or plastics or fabric material or a combination of the aforesaid materials; pouches of textile; Book bags; handbags; rucksacks of textile material; holdalls; toiletry bags sold empty; purses, travel cases; traveling sets, namely, leather toiletry bags sold empty. FIRST USE: 19500000. FIRST USE IN COMMERCE: 19850000 |
| **Mark Drawing Code** | (2) DESIGN ONLY |
| **Design Search Code** | 19.01.02 - Chests, treasure ; Foot lockers ; Storage trunks ; Treasure chests ; Trunks, luggage |
| | 26.17.01 - Bands, straight ; Bars, straight ; Lines, straight ; Straight line(s), band(s) or bar(s) |
| | 26.17.04 - Bands, vertical ; Bars, vertical ; Lines, vertical ; Vertical line(s), band(s) or bar(s) |
| **Serial Number** | 85879908 |
| **Filing Date** | March 19, 2013 |
| **Current Basis** | 1A;44E |
| **Original Filing Basis** | 1B;44E |
| **Published for Opposition** | January 21, 2014 |
| **Registration Number** | 4548851 |
| **Registration Date** | June 10, 2014 |
| **Owner** | (REGISTRANT) Rimowa GmbH gesellschaft mit beschränkter haftung (gmbh) FED REP GERMANY Richard-Byrd-Strasse 13 Cologne FED REP GERMANY 50829 |

| | |
|---|---|
| **Attorney of Record** | William E OBrien |
| **Prior Registrations** | 2583912;3949886 |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of a three-dimensional design feature of the goods consisting of parallel ridges and grooves that uniformly cover the surface of the goods. The broken or dotted lines are not part of the mark. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL-2(F) |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY