IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RIMOWA GMBH,<br><br>  Plaintiff,<br><br>v.<br><br>3C-IP STORE, et al.,<br><br>  Defendants. | Case No. 21-cv-04865<br><br>**Judge John Robert Blakey**<br><br>**Magistrate Judge Jeffrey T. Gilbert** |

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 37**

Plaintiff Rimowa GmbH ("Plaintiff"), by its counsel, moves this Honorable Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to strike or deny defendants AnShuo Phone Accessories Store and Shop5593370 Store's (collectively "Defendants") Motion to Dismiss [57] ("Defendants' Motion").

## BACKGROUND

Rimowa filed this action on September 14, 2021 [1]. On September 22, 2021, this Court granted Rimowa's *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") [24], subsequently extended the TRO [28], and converted the TRO to a Preliminary Injunction [42]. Paragraph 7 of the TRO permitted Rimowa to complete service of process to Defendants by electronic publication on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 3 to the Declaration of Nicolas Lambert and any e-mail addresses provided for Defendants by third parties that includes a link to said website. [24] at ¶ 7. All Defendants, including Defendants AnShuo Phone Accessories Store and Shop5593370 Store were properly served pursuant to this Court's Order on October 15, 2021. [28]. On November 17, 2021,

1

Defendants filed a Motion to Dismiss [57] ("Defendants' Motion"), based on an alleged lack of personal jurisdiction.[1] On November 22, 2021, the Court ordered jurisdictional discovery regarding Defendants' Motion. *See* [65].

On November 29, 2021, Plaintiff served its First Set of Interrogatories ("Interrogatories"), First Set of Requests for Admission ("RFAs"), and First Set of Requests for Production ("RFPs") (collectively, "Plaintiff's Discovery Requests") on Defendants by sending an e-mail to the e-mail addresses provided for Defendants by third parties. *See* Declaration of Abby M. Neu (the "Neu Decl.") at ¶ 2. The response deadline elapsed on December 29, 2021. *See* [65]. Defendants have not sent a response of any kind to Plaintiff's Discovery Requests. Neu Decl. at ¶ 3.

## Local Rule 37.2 Meet and Confer Certification

On December 30, 2021, Plaintiff sent an email to Defendants advising Defendants that the deadline (under the Federal Rules of Civil Procedure) to respond to Plaintiff's Discovery Requests had elapsed and requesting a Local Rule 37.2 meet-and-confer conference for January 3, 2022. Neu Decl. at ¶ 4. Defendants failed to confirm their availability or object to the proposed time for a Local Rule 37.2 meet-and-confer conference. *Id*. On January 3, 2022, Defendants failed to contact Plaintiff and failed to participate in the meet-and-confer conference per Local Rule 37.2. *Id.* at ¶ 5. As of the filing of this Motion, Defendants have not responded to Plaintiff's Discovery Requests or Plaintiff's attempts to meet-and-confer per Local Rule 37.2. *Id.* at ¶ 6. Plaintiff certifies that the movant has in good faith attempted to confer with the party failing to act in an effort to obtain the answer or response without court action. *Id.* at ¶ 5.

---

[1] The signature block for Defendants on Defendants' Motion [57] listed the email address 906178018@qq.com which is the same e-mail address provided by third parties for Defendant AnShuo Phone Accessories Store.

**ARGUMENT**

I. **Legal Standard**

Rule 37 provides that a court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response. Fed. R. Civ. P. 37(d)(1)(A)(ii). Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). This includes, among other sanctions, striking a pleading. Fed. R. Civ. P. 37(b)(2)(A)(iii). Rule 37(d) also mandates that the noncompliant party and/or his counsel "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

"Judges must be able to enforce deadlines. Doing so means the use of sanctions, even severe ones such as default, when parties ignore the ongoing proceedings . . ." *Patterson v. Coca-Cola Bottling Co.*, 852 280, 283 (7th Cir. 1998) (citing *Matter of Kilgus*, 811 F.2d 1112, 1118 (7th Cir. 1987)). Moreover, federal courts have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," which encompasses "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Domanus v. Lewicki*, 288 F.R.D. 416, 419 (N.D. Ill. 2013), *aff'd*, 742 F.3d 290 (7th Cir. 2014).

II. **Defendants' Motion Should be Stricken**

Sanctions under Rule 37 "are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant." *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 671 (7th Cir. 1996). In this case, Defendants failed to respond to discovery requests as required under the Federal Rules of Civil Procedure. Sanctions are particularly appropriate here because Defendants are "gaming the system" by filing a Motion creating the need to conduct discovery, and then not responding, producing any documents, or providing information in violation of this Court's

Order [65]. *See Webb v. CBS Broadcasting, Inc.*, 2010 WL 2104179 (N.D. Ill. May 25, 2010) (requiring party to show cause why they should not be barred from presenting evidence after that party repeatedly failed to meet discovery deadlines and had "not produced a single document in response to any of [movant's] requests"). Striking Defendants' Motion is a properly tailored sanction and authorized under Rule 37(d)(1)(A)(ii). Plaintiff is also entitled to reasonable expenses, including attorney's fees. *See* Fed. R. Civ. P. 37(b)(2)(C); 37(d)(3).

## **CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that this Court either strike or deny Defendants' Motion to Dismiss [57] without leave to refile.

Dated this 5th day of January 2022.	Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Abby M. Neu
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
aneu@gbc.law

*Counsel for Plaintiff Rimowa GmbH*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of January 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website and I will send an e-mail to the e-mail addresses identified in Exhibit 3 to the Declaration of Nicolas Lambert and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Abby M. Neu
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
aneu@gbc.law

*Counsel for Plaintiff Rimowa GmbH*