FILED
1/26/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
JJ

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RIMOWA GMBH,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No.: 1:21-cv-04865

## RESPONSE IN OPPOSITION TO MOTION FOR SANCTIONS

**i. DEFENDANT HAS EXCUSABLE CAUSES FOR FAILURE TO RESPOND TO THE DISCOVERY REQUEST.**

**1. Defendant expected an order suggesting the timeline and means for the jurdisctional discovery.**

Defendant, as pro se litigant, lacks professional knowledge on complying the jurisdictional discovery and has barely found any useful information online in this regard. Thus, Defendant couldn't forsee any emails to be sent by Plaintiff and waited for the Court's further instructions. The court should not sanction Defendant based on Plaintiff's own schedule and method, which was never consulted with Defendant.

**2. Serving Defendant by the means of Email is unreliable and ineffective.**

Plaintiff's email sent to Defendant were delivered to Defendant's spam mailbox causing Defendant failed to notice the messages. Once the mail is being sent to the spam folder, it is very likely to miss the email[1]. Besides the email, Plaintiff failed to seek other means to confirm that

---

[1] Those emails are found now but remain in unread status in case the proof is required.

whether its requests were properly noted by Defendant.

**3. Service by electronic means is also challenged by Defendant in the motion to dismiss.**

Though Defendant filed its motion to dismiss by emailing it, its didn't construe as Defendant's waiver to the proper service provided by Hague Convention. Plaintiff should first respond to Defendant's claim on the service means, then the personal jurisdiction.

**4. Defendant wholly relies on a third party's assistance for case follow up.**

Defendant doesn't have any access to the case progress except for paying a third party to check the Pacer system every week. Defendant expected all proceedings or actions related to this case would be conducted by court's orders and shown in the Pacer system and mistook that the discovery requests would be docketed.

    ii.    **FAILURE TO RESPOND TO THE REQUEST SHOULD NOT RESULT IN STRIKING DEFENDANT'S MOTION TO DISMISS IN ITS ENTIRETY.**

Defendant's motion to dismiss, in addition to lack of personal jurisdiction, contains grounds of insufficient service of process and no trademark protection warranted.

It is crystal clear that Defendant's representation does not warrant any trademark protection. If someone is "gaming" the system, it would be Plaintiff who filed a case against hundreds of vulnerable defendants without showing a PRIMA FACIE case for each. Because Plaintiff believed it would be an undefended case. If someone did defend, game on.

## CONCLUSION

Based on the foregoing reasons, Defendant respectfully requests that this Court to deny Plaintiff's motion for sanctions in its entirety.

Date: January 26, 2022                  Respectfully submitted,

<u>/s/ Xiao Zhiqun</u>
208, Unit 4, Building 9, Shiji Huating,
Heping East Road, Sanlian Community,
Longhua, Longhua Dist., Shenzhen,
Guangdong, China
906178018@qq.com